UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MALIBU MEDIA, LLC,**

      **Plaintiff,**

v.                                                  **Case No: 6:13-cv-1956-Orl-41KRS**

**SHAWN MCFADDEN,**

      **Defendant.**
                                            /

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Set Aside Clerk's Default ("Motion to Set Aside").[1] (Doc. 24). Plaintiff did not respond. For the reasons stated herein, the Court will grant the Motion to Set Aside.

Plaintiff is a California Limited Liability Company that owns copyrights for digital movies. (Am. Compl., Doc. 19, ¶¶ 8, 19, 31). Plaintiff alleges that Defendant used BitTorrent, a peer-to-peer file sharing program, to download and distribute Plaintiff's copyrighted works. (*Id.* ¶¶ 10, 19). Plaintiff seeks injunctive, equitable, and monetary relief as a result of the alleged violation. (*Id.* ¶¶ A–F). Defendant was served with a copy of the Amended Complaint on July 10, 2014. (Aff. Serv., Doc. 21). Defendant did not file an answer or otherwise respond, and on September 8, 2014, a Clerk's Default was entered against Defendant. (Doc. 23). On September 16, 2014, Defendant filed the Motion to Set Aside. (Mot. Set Aside at 1).[2]

---

[1] The Court will construe Defendant's filing as a Motion to Set Aside pursuant to Federal Rule of Civil Procedure 55(c).

[2] The original filing does not contain page numbers. Therefore, pinpoint citations are to the electronic page number.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In the Eleventh Circuit, "there is a strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *Valdez v. Fletman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Idearc Media LLC v. Kravitz Law Grp., P.A.*, No. 8:09-CV-02078-T-17AEP, 2010 WL 2179122, at *3 (M.D. Fla. May 7, 2010). Courts consider the following factors in deciding whether good cause exists to set aside a clerk's default: (1) "whether the default was culpable or willful"; (2) "whether setting it aside would prejudice the adversary"; (3) "whether the defaulting party presents a meritorious defense"; (4) "whether the public interest was implicated"; (5) "whether there was significant financial loss to the defaulting party"; and (6) "whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996). "[T]he imperative is that [the factors] be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)).

Good cause exists to set aside the Clerk's Default. Defendant's conduct was not willful. Defendant is proceeding *pro se* and indicates that he contacted Plaintiff's counsel after receiving the Amended Complaint. (Mot. Set Aside at 1). Although Defendant should have filed an answer with the Court, he showed at least some intention of defending himself by contacting Plaintiff's counsel. Additionally, Plaintiff only filed the Amended Complaint in July 2014 and would not be substantially prejudiced by proceeding on the merits. Defendant claims that he did not make the alleged downloads, which, if true, would be a complete defense to Plaintiff's claims. (*Id.*). Finally, Defendant acted promptly upon learning of the default and asserted his desire to defend against this suit. (*Id.*).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Set Aside (Doc. 24) is **GRANTED**.

2. The Clerk is directed to vacate the Clerk's Default (Doc. 23) against Defendant.

3. Defendant shall file a response to the Amended Complaint on or before **Wednesday, December 3, 2014**.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party